United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40936
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GARY DEWAYNE DENNINGTON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-245-1-MAC
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Gary Dewayne Dennington pleaded guilty to one charge of mail fraud and was sentenced to serve 37 months in prison and a three-year term of supervised release.  Dennington argues on appeal that his sentence is invalid because it was based on facts that were neither admitted by him nor found by a jury.  He also contends that the district court erred in enunciating an alternate sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dennington's assertion of sentencing error is meritorious. See United States v. Booker, 543 U.S. 220 (2005). He preserved this error by raising an objection to his sentence grounded in Blakely v. Washington, 124 S. Ct. 2531 (2004). See United States v. Garza, 429 F.3d 165, (5th Cir. 2005), cert. denied, 126 S. Ct. 1444 (2006). When, as is the case here, a Booker error has been preserved in the district court, we "will ordinarily vacate the sentence and remand, unless [this court] can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005) (internal quotation marks and citation omitted). The Government has not met its "arduous" burden of demonstrating "beyond a reasonable doubt that the Sixth Amendment Booker error did not affect the sentence that [Dennington] received." Pineiro, 410 F.3d at 285, 287. Further, it would not be appropriate for us to impose the alternate sentence articulated by the district court. See United States v. Adair, 436 F.3d 520, 524, 527-29 (5th Cir. 2006). Consequently, Dennington's sentence is VACATED, and the case is REMANDED FOR RESENTENCING.